HALL, Judge.
Lennox Industries, Inc., sued The Pitcher Company, Inc., as maker, and Clark B. Meyer, Theodore J. Gutches and A. J. Pitcher, Jr., as endorsers on a certain promissory note payable to plaintiff’s order dated December 28, 1965 in the sum of $6,-800.00 plus interest and attorney’s fees. After suit was filed but prior to filing their answer The Pitcher Company, Inc., Clark B. Meyer and Theodore J. Gutches filed voluntary petitions in bankruptcy. In their *508 answer, subsequently filed, these parties plead bankruptcy as a bar to any recovery by plaintiff against them. The remaining defendant, A. J. Pitcher, Jr., did not file a bankruptcy petition. In his answer Pitcher plead payment of the note by the maker, The Pitcher Company, Inc.
Following trial on the merits judgment was rendered against A. J. Pitcher, Jr., for the full amount of the note plus interest and attorney’s fees as therein stipulated. A. J. Pitcher, Jr. prosecutes this appeal from that judgment.
It is clear that no payments were ever made on the note as such. Appellant contends however that $14,500.00 was collected by Lennox Industries from Pitcher Inc. subsequent to the execution of the note and that this sum if properly applied paid the note in full and released him as an endorser. The question presented to us is therefore one of imputation.
The record reveals that appellant and his father formerly operated The Pitcher Company, a partnership engaged in the business of installing and repairing heating and air-conditioning equipment. The company was incorporated in the fall of 1964 and thereafter the business was continued under the name of “The Pitcher Company, Inc.” Clark B. Meyer, Theodore J. Gutches and appellant were all stockbrokers and active officers and employees of the corporation.
Plaintiff, Lennox Industries, Inc., is a manufacturer and distributor of heating and air-conditioning equipment and for many years had supplied the partnership with heating and- air-conditioning equipment and allied materials and continued to do a like business with the corporation.
Toward the end of 1965 The Pitcher Company, Inc. had fallen behind in its payments to Lennox Industries and the latter provoked a meeting to consider what should be done. The meeting took place on December 28, 1965 and was attended by three representatives of Lennox Industries viz. Dennis C. Watson, its territorial sales manager, A. J. Reeves, its credit manager and a Mr. Sickles, another of its employees. Representing Pitcher, Inc., were Clark B. Meyer, Theodore J. Gutches and the appellant.
As of the date of this meeting Pitcher, Inc., was indebted to Lennox Industries in the approximate sum of $15,000.00 of which the oldest indebtedness was the sum of $6,800.00 being for equipment supplied to the old partnership. (It should be noted here that no books of account and no other records were produced in evidence and that all figures stated herein are approximations given by the witnesses.)
As a result of this conference of December 28, 1965 the note herein sued upon was executed by Pitcher Inc. and endorsed personally by Meyer, Gutches and appellant as security for the old $6,800.00 indebtedness incurred by the partnership. It was agreed by all parties that this note was to be liquidated out of the proceeds of the “Cullotta job” which was a subcontract Pitcher Inc. had negotiated with a contractor named Cullotta for the furnishing and installation of the heating and air-conditioning equipment in twenty-eight houses to be constructed by Cullotta. All of the details had been worked out but the actual contracts were not signed and work did not commence until sometime in February 1966. All of the parties were satisfied that the profits from the Cullotta job would greatly exceed the amount of the note.
As matters turned out Pitcher Inc. defaulted on the Cullotta job after only “roughing in” eleven of the twenty-eight houses and the work was taken over and completed by Cullotta.
While Pitcher Inc. was on the job progress payments were made by Cullotta by checks payable to Pitcher Inc. and Lennox Industries jointly. From the proceeds of these checks Lennox Industries deducted the price of the equipment furnished by *509 it to the job and remitted the balance to Pitcher Inc.
Appellant testified that at the meeting held on December 28, 1965 it was agreed that the total proceeds of the Cul-lotta job, without deduction, were to be applied to the note until it was fully liquidated and that the action of Pitcher, Inc., in permitting the deduction therefrom of the cost of the equipment resulted from a change in the agreement made without his knowledge after his employment with the corporation had been terminated. Appellant contends that this change was de-terminal to him as a surety and had the effect of discharging him from liability as an endorser on the note. All of the other witnesses testified that under the agreement of December 28, 1965 only the excess over the cost of the equipment was to be applied to the note.
Furthermore the record reveals that as a result of labor liens being filed against the job the entire amount received from the Cullotta job was insufficient to pay the cost of the equipment furnished to the job by Lennox Industries. As a matter of fact Cullotta himself had to pay the balance due on this equipment. There was no excess to apply to the note even if Lennox Industries had retained all of the proceeds from the job.
The principal contention of appellant is that the sum of $14,500.00 was collected by Lennox Industries from Pitcher, Inc., subsequent to the execution of the note and this money should have been imputed by Lennox Industries first to payment of the note as being a secured debt and also the debt longest due, citing LSA-C.C. Art. 2166.
We find no evidence in the record that Lennox Industries collected $14,500.00. However the record reveals that Lennox Industries did collect “substantial sums of money” from Pitcher Inc. subsequent to the execution of the note, but the record further reveals that all the money thus collected was from jobs the proceeds of which were specifically assigned by Pitcher Inc. to Lennox Industries to the extent of the cost of the equipment and materials furnished to those jobs by Lennox Industries. Such assignments were demanded by Lennox Industries even before the meeting of December 28, 1965 as a condition precedent to its furnishing the equipment and other materials to the jobs. This fact was known to appellant.
Under these assignments and under the jurisprudence Lennox Industries had no choice but to apply the payments to the equipment furnished on those jobs. (See Duffy v. Roman, La.App., 209 So.2d 502, this day handed down; Madison Lumber Company v. Helm, 202 La. 1061, 13 So.2d 349; Grand Lodge, B. Knights of America v. Murphy Const. Co., 152 La. 123, 92 So. 757; Baudoin v. Gallier, La. App., 153 So.2d 169; Hortman-Salmen Co. v. Naquin, 12 La.App. 491, 126 So. 453; Roca v. Caruso, 7 Orl.App. 451.)
The excess over the cost of the equipment was remitted to Pitcher Inc. under the terms of the assignments. No money whatever received by Lennox Industries could have been imputed to the payment of the note.
Appellant contends that Lennox Industries abandoned its claim against the other defendants thereby releasing him as an endorser but the record does not reflect any abandonment by plaintiff. He was prevented by the bankruptcy proceedings from obtaining a judgment against them.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by defendant-appellant.
Affirmed.